Jeremy E. Branch, CA Bar No. 303240
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
Tel. (866) 329-9217
Email: JeremyB@jlohman.com
Attorney for PAMELA SZKODZINSKI

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| PAMELA SZKODZINSKI,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>GC SERVICES, LP<br><br>　　　　Defendant. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT and DEMAND FOR JURY TRIAL**<br><br>**(Fair Debt Collection Practices Act)** |

PAMELA SZKODZINSKI ("Plaintiff"), by her attorney, alleges the following against GC SERVICES, LP, ("Defendant"):

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; and

2. The Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 et seq.

**PARTIES**

3. Plaintiff is a natural person residing in San Joaquin County, in the city of Lodi, in the state of California.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. §

1692a(3).

5. Defendant is a Limited Partnership conducting business in the State of California and has its principal place of business in Houston, TX.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

8. Defendant conducts business in California and therefore personal jurisdiction is established.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. Venue is proper in the United States District Court Eastern District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## FACTUAL ALLEGATIONS

11. On or around April 23, 2020, Defendant placed a collection call to Plaintiff seeking and Demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at (209) XXX-1912.

14. On or around April 23, 2020, Defendant left a message on Plaintiff's voicemail.

15. In the voicemail message, Defendant failed to meaningfully disclose the company's name, the nature of the call, or state that the call was from a debt collector.

16. In the voicemail message, Defendant failed to disclose the purpose of the call was to collect a debt allegedly owed by Plaintiff.

17. In the voicemail message, Defendant directed Plaintiff to call back telephone number (800) 652-7681, which is a number that belongs to Defendant.

18. Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in its telephone call.

19. Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its telephone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA 15 U.S.C. § 1692 et seq.

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of Plaintiff;

   b. Defendant violated *§1692(d)(6)* of the FDCPA by placing a telephone call without meaningfully disclosing its identity;

   c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading

representation or means in connection with the debt collection; and

d. Defendant violated §1692(e)(11) of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector

## SECOND CAUSE OF ACTION

## DEFENDANT VIOLATED THE RFDCPA CA. CIV. CODE § 1788 et seq.

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. Defendant's violations of the RFDCPA include, but are not limited to, the following:

a. Defendant violated the §1788.17 by failing to comply with the statutory regulations contained with the FDCPA, 15 U.S.C. § 1692 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

24. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

25. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

26. Awarding such other and further relief as may be just, proper and equitable.

### SECOND CAUSE OF ACTION

27. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

28. Statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788/30(b);

29. Reasonable attorneys' fees and costs pursuant to Cal Civ. Code § 1788.30(c); and

30. Actual damages and compensatory damages according to proof at time of trial;

## JURY TRIAL DEMAND

31. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED

Dated: September 30, 2020                By: /s/ Jeremy E. Branch
                                         Jeremy E. Branch, CA Bar No. 303240
                                         The Law Offices of Jeffrey Lohman, P.C.
                                         Attorney for Plaintiff PAMELA SZKODZINSKI

PLAINTIFF'S COMPLAINT